## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| PATRICK IGO, individually and as the Administrator of the ESTATE OF MARCOS ESTRADA GOMEZ, | : : : : | Case No. 1:22-cv-91 |
| | : | Judge Timothy S. Black |
| Plaintiff, | : : | |
| vs. | : : | |
| SUN LIFE ASSURANCE COMPANY OF CANADA *et al.*, | : : : | |
| Defendants. | : : | |

### ORDER RESOLVING MOTIONS TO DISMISS (Docs. 18, 25)

This civil case is before the Court on Defendants' motion to dismiss for failure to state a claim (Doc. 18) and Plaintiff's responsive memorandum (Doc. 21); and Plaintiff's motion for voluntarily dismissal of Defendant Bon Secours Mercy Health (Doc. 25) and the parties' responsive memoranda (Docs. 27, 28, 29, 30-1, 31).

## I. BACKGROUND

The factual background is relatively straightforward. (Doc. 3). Dr. Marcos Estrada Gomez, an employee of Defendant Bon Secours Mercy Health ("Mercy Health"), maintained a life insurance plan (the "Plan") governed by the Employee Retirement Income Security Act ("ERISA"). (*Id.* at ¶¶ 1, 16-18). Defendant Sun Life Assurance Company of Canada ("Sun Life") served as the Plan's life insurance company. (*Id.* at ¶ 5). Defendant Sagewell Healthcare Benefits Trust ("Sagewell") served as the Policyholder of the Plan, served as Plan Sponsor, and/or was the name of the Plan under

which Dr. Estrada was insured. (*Id.* at ¶ 9). Defendant Benefit Advisors Services Group, LLC ("BASG") served as Plan Administrator for Sagewell. (*Id.* at ¶ 10).

Plaintiff Patrick Igo, Dr. Estrada's spouse, was the named beneficiary of the Plan. (*Id.* at ¶¶ 15, 25). In 2020, Dr. Estrada elected to increase his life insurance benefit under the Plan from two times his base annual salary to five times his base annual salary. (*Id.* at ¶ 21). When Dr. Estrada filled out his 2020 Election Form, he was not provided with any Plan documents or policies. (*Id.* at ¶ 34). Dr. Estrada paid for the increase in benefits via a deduction from his paycheck. (*Id.* at ¶ 22). Dr. Estrada died on August 29, 2020 while the Plan was in effect. (*Id.* at ¶¶ 23-24).

Mr. Igo performed all necessary conditions for receipt of benefits under the Plan; however, Defendants denied Mr. Igo's full claim for benefits. (*Id.* at ¶¶ 27-30). Specifically, Defendants paid only two times Dr. Estrada's base salary. (*Id.* at ¶ 29). Defendants denied Mr. Igo's claim for five times Dr. Estrada's base salary, stating that, when Dr. Estrada increased his coverage, he failed to provide an "evidence of insurability" form. (*Id.* at ¶ 32). However, according to Plaintiff, an "evidence of insurability" form was not required as part of Dr. Estrada's 2020 Election Form. (*Id.* at ¶ 34). Thus, following Defendants' denial of full benefits under the Plan, Mr. Igo, individually and as administrator of Dr. Estrada's estate, brought this action, seeking the full, five times base annual salary, benefits under the Plan. (*See generally*, *id.*)

In response to the complaint, the defendants had different responses. Sun Life answered. (Doc. 11). Sagewell and BASG collectively moved to dismiss the complaint

for failure to state a claim. (Doc. 18). And Mercy Health settled, so Plaintiff moved to voluntarily dismiss Mercy Health with prejudice. (Doc. 25).

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility "is not akin to a 'probability requirement,' but it asks for more

than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id.* (citing Fed. Rule Civ. P. 8(a)(2)).

## III. ANALYSIS

### A. Defendants' Motion for Failure to State a Claim

Sagewell and BASG move to dismiss Plaintiff's Complaint for failure to state a claim. (Doc. 18). Plaintiff opposed. (Doc. 20). Sagewell and BASG did not file a reply.

As an initial matter, Sagewell and BASG's motion to dismiss is untimely. Based on the waiver of service filed, Sagewell and BASG were required to serve an answer or responsive pleading by April 19, 2022. (Doc. 8). Fed. R. Civ. P. 12(a). Sagewell and BASG filed their motion to dismiss over two months later, on June 29, 2022. (Doc. 18). Sagewell and BASG never sought an extension of time or relief for their late filing, nor did Sagewell and BASG explain their late filing after being put on notice of the late filing in Plaintiff's opposition. (Doc. 20 at 1). Indeed, Sagewell and BASG chose not to file a reply.[1] Thus, the motion to dismiss may be denied for its untimeliness alone.

---

[1] True, some courts have considered untimely 12(b)(6) motions by converting the untimely motion to a motion for judgment on the pleadings under Rule 12(c) because failure to state a claim is not waived by failing to include it in a responsive pleading. Fed. R. Civ. P. 12(h)(2); *see, e.g., Doe v. Sentech Emp. Servs., Inc.*, 186 F. Supp. 3d 732, 736 (E.D. Mich. 2016). However, pursuant to Rule 12(c), a party may move for judgment on the pleadings, "after the pleadings are closed." Here, the pleadings are not closed because Sagewell and BASG have not answered. *Habeeba's Dance of the Arts, Ltd. v. Knoblauch*, No. 2:05-CV-926, 2006 WL 968642, at *2 (S.D. Ohio Apr. 10, 2006) ("the pleadings are not closed until all defendants have filed an answer"). So, the Court cannot convert the untimely motion.

But, even if the motion were timely, the motion fails on the merits. The gist of Sagewell and BASG's motion is that the complaint fails to state a claim because the complaint engages in impermissible group pleading of the defendants. Specifically, Sagewell and BASG argue that "[b]ecause the complaint lumps claims against all defendants together, it does not fairly apprise BASG and Sagewell of the basis of plaintiff's claims against them." (Doc. 18 at 7). Plaintiff responds that, when viewing the complaint and allegations in Plaintiff's favor, Sagewell and BASG are on notice of the claims against them and their alleged misconduct. (Doc. 20).

Rule 8(a) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (cleaned up). Whether "group pleading" of defendants violates Rule 8(a) is often dependent on the facts and claims at issue. *See, e.g.*, *Gold Crest, LLC v. Project Light, LLC*, 525 F. Supp. 3d 826, 835 (N.D. Ohio 2021) (citing cases) (patent infringement complaint was not subject to dismissal for group pleading because plaintiff alleged corporate defendants collectively engaged in misconduct); *but see M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 973 (S.D. Ohio 2019) ("the impermissibility of "group pleading" is often spoken of in the fraud context because plaintiffs alleging fraud must meet the requirements set out in Federal Rule of Civil Procedure 9(b)"); *Garton v. Crouch*, No. 3:21-CV-00338, 2022 WL 275519, at *8 (M.D. Tenn. Jan. 28, 2022) (citing cases) ("group pleading does not suffice to state colorable claims against

individuals [for constitutional violations]").[2]

When taking the well-pleaded factual allegations as true and viewing the complaint in the light most favorable to Plaintiff, the complaint is not subject to dismissal as impermissible group pleading. As alleged in the complaint, all defendants collectively have responsibilities over administering of the Plan and paying or denying benefits under the Plan. (Doc. 3 at ¶¶ 5-10). Moreover, Plaintiff alleges that Defendants received Dr. Estrada's payments for five times his salary benefits under the Plan. (*Id.* at ¶ 22). Then, after Plaintiff claimed benefits under the Plan, Defendants: (i) determined Dr. Estrada failed to provide evidence of insurability when he increased his election under the Plan from two to five times his salary; (ii) denied Plaintiff's full claim for five times base salary; and (iii) paid only two times Dr. Estrada's base salary. (*Id.* at ¶¶ 28-37). Although Plaintiff must ultimately prove its case separately against Sun Life, Sagewell, and BASG, the complaint sufficiently puts Sagewell and BASG on notice of their alleged misconduct in the scheme of administering the Plan and paying and denying benefits

---

[2] *See also Gordon v. B. Braun Med. Inc.*, No. 1:19-CV-121, 2020 WL 1491378, at *11 (S.D. Ohio Mar. 27, 2020) (complaint put defendants on notice of joint responsibility and discovery would help show which defendant was proper party); *Nissan N. Am., Inc. v. Cont'l Auto. Sys.*, No. 3:19-cv-396, 2019 WL 4820477, at *4 (M.D. Tenn. Oct. 1, 2019) (there is "no categorical rule against describing defendants—particularly affiliated corporate defendants with a history of acting in concert—by using collective language, if doing so is appropriate in the context of a particular case. Indeed, it is common for plaintiffs, who often lack information about the internal division of responsibilities in corporate families, to name several affiliated corporate defendants collectively, with the expectation that their understanding of the corporate family will be enhanced in discovery.").

under the Plan.[3]  Thus, the motion to dismiss for failure to state a claim is denied.

### B.  Plaintiff's Motion for Voluntary Dismissal of Mercy Health

Plaintiff moves to voluntarily dismiss Mercy Health with prejudice pursuant to

Fed. R. Civ. P. 41(a)(2), stating that Plaintiff and Mercy Health have fully settled and

entered into a confidential settlement agreement reflecting the same.  (Doc. 25).[4]

Sagewell and BASG did not respond to Plaintiff's motion, so seemingly do not oppose it.

Sun Life does not outright oppose Mercy Health's dismissal.  (Docs. 27, 30-1).  Instead,

as a condition of Mercy Health's dismissal, Sun Life asks the Court to order Plaintiff to

disclose the settlement agreement between Mercy Health and Plaintiff.  (Doc. 27 at 1).

Specifically, Sun Life argues that the settlement agreement should be disclosed as a

---

[3] Sagewell and BASG suggest, without any analysis, that Rule 9(b) applies to, at least, Plaintiff's negligent misrepresentation claim.  (Doc. 18 at 5-6).  Courts applying Pennsylvania law, which is the choice-of-law pursuant to the Plan (Doc. 3 at ¶ 17; Doc. 3-3 at 1), are split on whether heightened pleading requirements apply to negligent misrepresentation claims.  *See Bors v. Johnson & Johnson*, 208 F. Supp. 3d 648, 656 (E.D. Pa. 2016) (collecting cases) (noting that a majority of cases do not apply Rule 9(b) to negligent misrepresentation cases).  Without deciding what pleading level applies, even under Rule 9(b), which is to be read in conjunction with Rule 8's policy favoring simplicity in pleading, Plaintiff has put Sagewell and BASG on notice of the nature of his claims and his belief that all defendants are jointly responsible for representing to Dr. Estrada that the evidence of insurability was not mandatory when increasing coverage.

[4] Plaintiff's opening motion was two paragraphs long, with no analysis, and simply asked the Court to dismiss Mercy Health given the parties' settlement agreement.  (Doc. 25).  Sun Life then provided the first substantive analysis when opposing Plaintiff's motion, so Plaintiff's (and Mercy Health's) replies were the first substantive arguments made in support of dismissal.  (Doc. 27).  After Sun Life opposed, Mercy Health, although not a moving party to the opening motion, replied to Sun Life's opposition to Plaintiff's motion.  (Doc. 28).  This led Sun Life to file a motion for leave to file a sur-reply, to which motion Mercy Health opposes.  (Docs. 30, 31).  Given Plaintiff's opening brief, Sun Life's sur-reply was the first opportunity Sun Life had to respond to any substantive argument made by Plaintiff (or Mercy Health).  Moreover, Plaintiff and Mercy Health are not prejudiced by the sur-reply because the Court ultimately grants Plaintiff's motion and dismisses Mercy Health with prejudice.  Accordingly, Sun Life's motion for leave to file a sur-reply (Doc. 30) is **GRANTED**, and the Court will consider the sur-reply attached to the motion.  (Doc. 30-1).

condition of dismissal because "[t]o the extent [Mercy Health] has paid, or is deemed to have paid, a portion of the benefits, Sun Life is entitled to offset [Mercy Health's] settlement payment against any recovery by the Plaintiff." (*Id.* at 4).

To start, Plaintiff mistakenly moves to voluntarily dismiss Mercy Health pursuant to Rule 41. The Sixth Circuit interprets Rule 41 as permitting a plaintiff to dismiss only the entire action, not individual claims or parties. *See Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961); *Griesmar v. City of Stow, Ohio*, No. 22-3151, 2022 WL 17581658, at *4 (6th Cir. Dec. 12, 2022); *United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 464 (E.D. Ky. 2018) (collecting in-circuit district court cases treating Rule 41(a) as applying only to entire actions). So, the motion cannot be brought under Rule 41 because Plaintiff is not seeking to dismiss the entire action.

However, Federal Rule of Civil Procedure 21 contemplates dismissal of some, but not all, parties. Rule 21 provides: "On motion or on its own, the court may at any time, on just terms, add or drop a party." Nevertheless, "when evaluating a motion for dismissal under Rule 21, courts should consider Rule 41 standards as guidance for analyzing potential prejudice to the non-movants." *Murray Energy Corp. v. Cassidy, Cogan, Chappel, & Voegelin, L.C.*, No. 2:18-CV-440, 2020 WL 4201666, at *1 (S.D. Ohio July 22, 2020) (citation omitted). And, when considering prejudice pursuant to dismissal under Rule 41, "a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a

dismissal, and whether a motion for summary judgment has been filed by the defendant."
*Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citation omitted).

Thus, the Court construes Plaintiff's motion as a motion to drop Mercy Health as a party and the claims against it under Rule 21. The Court further finds that Sun Life will not be prejudiced with Mercy Health's dismissal. This case is in its early stages, there is no delay or lack of diligence on the part of Plaintiff, and Plaintiff has provided a sufficient explanation for the dismissal—Mercy Health's and Plaintiff's settlement.

Moreover, Sun Life does not outright oppose Mercy Health's dismissal. Instead, Sun Life requests that the Court condition Mercy Health's dismissal on disclosure of the settlement agreement. But Sun Life's request is not well-taken. Sun Life is asking for early, court-ordered discovery, without having even had a chance to engage in discovery processes.[5] Indeed, Sun Life's request for an order requiring disclosure of the settlement agreement is entirely premature. *See* Fed. R. Civ. P. 26(d) ("[a] party may not seek discovery until the parties have conferred as required by Rule 26(f)…or when authorized by these rules, by stipulation, or by court order").[6]

---

[5] Notably, almost all the cases cited by Sun Life in its sur-reply were on motions to compel discovery and were unrelated to conditioning dismissal on a discovery disclosure. *See Tanner v. Johnson*, 2013 WL 121158 (D. Utah Jan. 8, 2013) (motion to compel); *White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364 (N.D. Ill. 2001) (motion to compel); *Bennett v. LaPere*, 112 F.R.D. 136 (D.R.I. 1986) (motion to compel); *In re CFS-Related Securities Fraud Litig.*, 2003 WL 24136089 (N.D. Okla. July 31, 2003) (discovery motions).

[6] To the extent Sun Life is now seeking a court order for expedited discovery, Sun Life has not shown good cause to depart from the general rules, and the Court, in its discretion, denies that request. *See Luxottica Retail N. Am., Inc. v. Vision Serv. Plan*, No. 1:14-CV-581, 2014 WL 4626015, at *3 (S.D. Ohio Sept. 12, 2014) (a party seeking discovery prior to Rule 26(f) conference has the burden of showing good cause for expedited discovery).

Accordingly, Plaintiff's motion to dismiss Mercy Health (Doc. 25) is granted.  Sun Life's request to condition Mercy Health's dismissal on disclosure of the settlement agreement between Plaintiff and Mercy Health is denied.[7]

## IV.  CONCLUSION

Based upon the foregoing:

1. Defendants Sagewell Healthcare Benefits Trust and Benefit Advisors Services Group LLC's motion to dismiss for failure to state a claim (Doc. 18) is **DENIED**.

2. Defendants Sagewell Healthcare Benefits Trust and Benefit Advisors Services Group LLC's shall answer Plaintiff's complaint **within 14 days** of this Order.

3. Defendant Sun Life Assurance Company of Canada's motion for leave to file sur-reply (Doc. 30) is **GRANTED**.

4. Plaintiff's motion to dismiss (Doc. 25) Defendant Bon Secours Mercy Health, Inc. is **GRANTED**.  Plaintiff's claims against Defendant Bon Secours Mercy Health are **DISMISSED with prejudice**.  The Clerk shall terminate Bon Secours Mercy Health as a party.

**IT IS SO ORDERED.**

Date:  ___1/25/2023_____                    ___*s/Timothy S. Black*_____
                                                  Timothy S. Black
                                                  United States District Judge

---

[7] When reaching this conclusion, the Court takes no opinion on whether the settlement agreement is discoverable.  Of course, the scope of discovery is broad and encompasses information "reasonably calculated to lead to the discovery of admissible evidence." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998); Fed. R. Civ. P. 26(b).