**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| PATRICK IGO, individually and as administrator of the ESTATE OF MARCOS ESTRADA GOMEZ,<br><br>Plaintiff,<br><br>vs.<br><br>SUN LIFE ASSURANCE COMPANY OF CANADA, *et al.*,<br><br>Defendants. | : | Case No. 1:22-cv-91<br><br>Judge Timothy S. Black |

**ORDER:**
**(1) GRANTING MOTION FOR SUMMARY JUDGMENT (DOC. 36);**
**(2) GRANTING JOINT MOTION TO DISMISS (DOC. 40);**
**AND (3) TERMINATING CASE**

This civil case is before the Court on Defendant Sagewell Healthcare Benefits Trust ("Sagewell") and Benefit Advisors Services Group ("BASG")'s motion for summary judgment (Doc. 36), Sagewell and BASG's statement of proposed undisputed facts (Doc. 37), and the parties' responsive memoranda (Docs. 38, 39).[1]

## I. BACKGROUND

### A. Undisputed Material Facts

For purposes of Sagewell and BASG's motion for summary judgment, the Court finds the following facts are undisputed:

[1] Also before the Court is Plaintiff and Defendant Sun Life Assurance Company of Canada ("Sun Life")'s joint motion to dismiss Sun Life. (Doc. 40). No party has opposed the motion and the time for doing so has expired. Accordingly, Plaintiff's claims against Sun Life are **DISMISSED with prejudice**.

Sagewell is the named insured on health and accidental death and dismemberment insurance policies that insurance companies issue to cover employees of various hospitals and medical facilities. (Doc. 37 at ¶ 11). Relevant to this action, Sun Life issued a health and accidental death and dismemberment policy (the "Policy") in the name of Sagewell to cover the employees of Bon Secours Mercy Health, Inc. ("Bon Secours"). (*Id.* at ¶ 12; *see also* Doc. 3-3).

As the Policy's holder, Sagewell contracted with BASG to act as Sagewell's administrator. (*Id.* at ¶ 16). Specifically, BASG's role as administrator was taking the gross premium—payments collected by Bon Secours from employees who opted to be covered by the Policy—and forwarding the premiums from Bon Secours to Sun Life. (*Id.* at ¶ 18). Neither Sagewell nor BASG determined the eligibility of Bon Secours employees for benefits under the Policy. (*Id.* at ¶¶ 13, 19). And neither Sagewell nor BASG determined the amount of benefits to be paid to Plaintiff pursuant to the Policy. (*Id.* at ¶¶ 15, 21).

**B. Other Facts and Allegations**[2]

Dr. Marcos Estrada Gomez was an eligible employee under the Policy through his employment with Bon Secours. (Doc. 3 at ¶ 18). In 2020, Dr. Estrada Gomez elected to increase his benefits under the Policy from two times to five times his base annual salary, and paid for the increase in benefits via deductions from his pay. (*Id.* at ¶¶ 21, 22). Dr.

[2] The following are allegations from Plaintiff's operative Amended Complaint. The facts are immaterial to resolution of Sagewell and BASG's motion for summary judgment, but helpful when understanding the nature of action.

Estrada Gomez died on August 29, 2020, and his Estate was opened on January 13, 2022. (Doc. 3-2).

After Dr. Estrada Gomez's death, Plaintiff completed all necessary conditions to receive benefits under the Policy; however, Plaintiff allegedly did not receive full benefits. (Doc. 3 at ¶ 27). Specifically, Plaintiff was only paid two times Dr. Estrada Gomez's base salary ($535,000), instead of five times his base salary ($1,337,000). (*Id.* at ¶¶ 29, 30). According to Plaintiff, Defendants denied Plaintiff's claim for five times the salary, stating that, when Dr. Estrada Gomez elected to increase his coverage, he failed to provide an "evidence of insurability" form. (*Id.* at ¶ 32). Plaintiff maintains that such form was not required when Dr. Estrada Gomez elected to increase his coverage. (*Id.* at ¶ 34).

**C. Procedural History**

From these facts, Plaintiff initiated this action against Sagewell, BASG, Bon Secours, and Sun Life. (*See generally*, *id.*) Plaintiff asserted the following counts against all Defendants: (1) ERISA; (2) declaratory judgment pursuant to 28 U.S.C. § 2201; (3) declaratory judgment under 42 Pa. C.S. § 7532; (4) breach of contract; (5) promissory estoppel/detrimental reliance; (6) bad faith; (7) negligence per se; (8) negligent misrepresentation; (9) concert of tortious action; and (10) punitive damages. (*Id.*)

Bon Secours and Plaintiff settled their claims. (Doc. 25). So, Bon Secours was dismissed with prejudice. (Doc. 32). Sun Life and Plaintiff also settled their claims. (Doc. 40). So, Sun Life was dismissed with prejudice. (*Supra*, n.1). Accordingly, the counts, as alleged against Sagewell and BASG only, remain.

## II. STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

## III. ANALYSIS

### A. Counts 1 and 2

In Count 1, Plaintiff asserts a claim under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.* (Doc. 3 at ¶ 39). Specifically, Plaintiff seeks civil enforcement of his rights under the Policy. (*Id.*) In Count 2, Plaintiff seeks a declaration that he is a beneficiary of an ERISA qualifying plan and entitled to collect $802,000. (Doc. 3 at ¶ 41). Sagewell and BASG argue that summary judgment is warranted on Counts 1 and 2 because Sagewell and BASG are not fiduciaries with respect to the Policy. (Doc. 36 at 10).

ERISA exclusively regulates "any plan, fund, or program . . . maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, medical ... benefits, or benefits in the event of sickness . . . death . . ." 29 U.S.C. § 1002.1 (emphasis added). The parties agree that ERISA governs the Policy. (*E.g.*, Doc. 3 at ¶¶ 38-39; Doc. 36 at 9).

A fiduciary can be held liable for a breach of fiduciary duty under 29 U.S.C. § 1109(a). ERISA defines a fiduciary as a person who "exercises any discretionary authority or discretionary control respecting management of such plan or any authority or control respecting the management or disposition of assets." 29 U.S.C. § 1002(21)(A)(i). When a court is considering whether a defendant qualifies as a fiduciary under ERISA, its "inquiry is a functional one, with the task being to determine whether [the defendant] exercised discretionary authority over plan management, or any authority or control over plan assets." *Briscoe v. Fine*, 444 F.3d 478, 488 (6th Cir. 2006); *see also Deschamps v. Bridgestone Americas, Inc. Salaried Emps. Ret. Plan*, 840 F.3d 267, 277 (6th Cir. 2016) ("In determining whether a corporation is a fiduciary, rather than looking to the formal title, we use a functional approach, looking to whether it acts in a fiduciary capacity with respect to the conduct at issue."). "Where the facts are not in question, a party's status as an ERISA fiduciary is purely a question of law." *Hamilton v. Carell*, 243 F.3d 992, 997 (6th Cir. 2001).

Here, the undisputed facts show that Sagewell and BASG are not fiduciaries. Although Sagewell was the named holder of the Policy, there are no facts suggesting that Sagewell exercised any authority or control over the Policy particularly with respect to

the conduct at issue. Specifically, in this instance, there are no facts demonstrating that Sagewell had anything to do with employee applications or elections for coverage under the Policy, that Sagewell had anything to do with determining whether Bon Secours employees were eligible to receive benefits under the Policy, or that Sagewell had anything to do with determining benefits paid under the Policy. Thus, with respect to the conduct at issue, Sagewell was not a fiduciary.

As to BASG, the undisputed material facts show that the only role BASG played with respect to the Policy was transferring premiums, premiums that were already collected by Bon Secours, from Bon Secours to Sun Life. And "[c]ustody of plan assets alone cannot establish control sufficient to confer fiduciary status." *McLemore v. Regions Bank*, 682 F.3d 414, 423 (6th Cir. 2012). Thus, with respect to the conduct at issue, BASG was not a fiduciary.

To be sure, Plaintiff argues that Policy's language "makes it quite **plausible** that Sagewell and/or BASG played some role in [the] discrepancy that led to the denial of benefits." (Doc. 38 at 4 (emphasis added)). Plaintiff cites to the Policy's Clerical Error provision, which provision suggests that Sagewell and BASG "**may** commit errors" resulting in a breach of fiduciary duty. (*Id.* at 3-4 (citing Doc. 3-3 at 36) (emphasis added)). In other words, Plaintiff argues that because Sagewell and BASG may have been involved in the acts or omissions (whether Dr. Estrada Gomez needed, and was informed that he needed, to submit an evidence of insurability form for coverage) leading to the denial of Plaintiff's claimed benefits (five times Dr. Estrada Gomez's salary

instead of two), Sagewell and BASG should be deemed fiduciaries and liable for at least part of Plaintiff's damages. (*Id.*)

But, at this stage in the proceedings, Plaintiff cannot merely claim that it is plausible that Sagewell and BASG were fiduciaries. When faced with evidence showing that Sagewell and BASG were not fiduciaries, Plaintiff must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 248. And Plaintiff has not done so here. Plaintiff cites to no evidence tending to show how Sagewell and BASG acted as fiduciaries with respect to the conduct at issue. Plaintiff cites to no deposition testimony, affidavit or declaration, or other documentation, other than the Policy itself. *See* Fed. R. Civ. P. 56(c), 56(e). Indeed, Plaintiff cited zero evidence when responding to Sagewell and BASG's undisputed facts. (Doc. 38-1).

As a final matter, under ERISA, a party may seek "appropriate equitable relief" against a nonfiduciary. *McLemore v. Regions Bank*, 682 F.3d 414, 422 (6th Cir. 2012) (citing 29 U.S.C. § 1132(a)(3)). And, in Count 2, Plaintiff seeks a declaration that he is a beneficiary of an ERISA qualifying plan and that he is entitled to collect $802,000. (Doc. 3 at ¶ 41). However, although Plaintiff's request is presented as equitable relief in part, the Court finds that Plaintiff is only seeking money damages. Stated differently, there is no dispute that Plaintiff was a beneficiary of an ERISA qualifying plan; Plaintiff was already paid two times Dr. Estrada Gomez's salary. The only dispute is the actual amount of benefits owed to Plaintiff.

Accordingly, Sagwell and BASG's motion for summary judgment on Counts 1 and 2 is **GRANTED**.

**B. Remaining Counts**

Sagewell and BASG move for summary judgment on Plaintiff's remaining claims (Counts 3 through 10). In response, Plaintiff "elects not to address the application of state law claims and agrees to dismiss Counts III – X of the Complaint as to the Moving Defendants." (Doc. 38 at 9). *See, e.g.*, *Brown v. VHS of Michigan, Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) ("This Court's jurisprudence on abandonment of claims is clear: a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment."). Accordingly, Sagwell and BASG's motion for summary judgment on Counts 3 through 10 is **GRANTED**.

## IV. CONCLUSION

Based upon the foregoing, Defendant Sagewell Healthcare Benefits Trust and Benefit Advisors Services Group's motion for summary judgment (Doc. 36) is **GRANTED**. All counts against Sagewell Healthcare Benefits Trust and Benefit Advisors Services Group are **DISMISSED with prejudice**. There being no defendants remaining in the case, the Clerk shall enter judgment accordingly and close the case.

**IT IS SO ORDERED.**

Date: 9/5/2024

*s/Timothy S. Black*
Timothy S. Black
United States District Judge